STATE OF NEBRASKA, APPELLANT, V. IRIS JALLEN, APPELLEE.

359 N.W.2d 816

Filed December 28, 1984.   No. 83-970.

George Rhodes, Custer County Attorney, for appellant, and, on brief, Paul L. Douglas, Attorney General, and Lynne R. Fritz.

Brad Roth of Black & Sennett, and Robert Driscoll, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

On April 11, 1983, the sheriff of Custer County, Nebraska, served a copy of the information on defendant. The information charged defendant, Iris Jallen, with five separate counts of the delivery of a controlled substance, marijuana, ·during the time from August 5 to December 17, 1981. Each count was a Class III felony with a penalty of 1 to 20 years, or a

fine, or both. Jury trial was had on October 25 and 26, 1983, and defendant was convicted on each of the five felony counts against her. Defendant's motion for a new trial was overruled on December 9, 1983, and defendant was sentenced to "eighteen months of probation." Defendant did not appeal from the denial of her motion for new trial nor from the sentence imposed. The State has appealed only from the order of the district court placing defendant on probation, and has assigned as error only that the district court "abused its discretion in placing the defendant on probation, as based on the facts and circumstances of this case, said sentence is excessively lenient." For the reasons hereinafter stated we affirm the sentence of the district court.

The appeal herein taken by the State is based on Neb. Rev. Stat §§ 29-2320 to 29-2325 (Cum. Supp. 1984). These statutes authorize an appeal of a sentence imposed on a defendant by the county attorney charged with the prosecution of the defendant if, as stated in § 29-2320, "such attorney reasonably believes, based on all of the facts and circumstances of the particular case, that the sentence is excessively lenient."

First of all, the State, through its brief, sets out the premise that a sentence imposed by a district court within the statutorily prescribed limits will not be disturbed on appeal unless there appears an abuse of the court's discretion. Defendant Jallen agrees with this premise in her brief. We too adopt this scope of review. We have consistently held, in affirming sentences imposed by trial courts, that a sentence imposed within statutory limits will not be overturned on appeal in the absence of abuse of discretion by the trial court. See, *State v. Reuter*, 216 Neb. 325, 343 N.W.2d 907 (1984); *State v. Miner*, 216 Neb. 309, 343 N.W.2d 899 (1984); *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983). It is clear that the trial court's sentence in this case is within statutory limits provided by Neb. Rev. Stat. § 29-2260(2) (Cum. Supp. 1984), which authorizes the granting of probation in any case "for which mandatory imprisonment is not specifically required . . . ."

We apply the rule set out in *State v. Last*, 212 Neb. 596, 324 N.W.2d 402 (1982), with regard to appeals by defendants from the denial of probation, to the situation presented under

§ 29-2320 where the State appeals the granting of probation to a defendant. As provided in *Last* at 604, 324 N.W.2d at 406:

> Turning then to the last assignment, that the trial court abused its discretion in sentencing the appellant to imprisonment rather than probation, we must likewise overrule. The sentence was well within the statutory limits. We have frequently held that in the absence of an abuse of discretion, a sentence imposed within statutory limits will not be disturbed on appeal. *State v. Irwin*, 208 Neb. 123, 302 N.W.2d 386 (1981); *State v. Wredt*, 208 Neb. 184, 302 N.W.2d 701 (1981). The granting of probation as opposed to the imposing of a sentence is a matter which is left to the sound discretion of the trial court, and, absent a showing of abuse, this court will not on appeal disturb the trial court's denial of probation. *State v. Jurgens*, 187 Neb. 557, 192 N.W.2d 741 (1971); *State v. Milligan*, 195 Neb. 493, 238 N.W.2d 906 (1976).

In reviewing the granting of probation, as distinguished from the denial of probation, we must use the same scope of review.

In so reviewing the case for an abuse of the trial court's discretion, our review is governed by § 29-2322, which sets out the factors we are to consider in determining whether the sentence imposed is "excessively lenient." Additionally, we note that § 29-2260(2)(a), (b), and (c) sets out factors to be considered by a sentencing judge in determining if a defendant should be imprisoned, while § 29-2260(3)(a) through (k) sets out factors to be considered in the decision to withhold imprisonment. The sentencing judge's discretion is guided by all these factors. Our review of the alleged abuse of the sentencing judge's discretion, therefore, must recognize these statutory guidelines set out for the direction of the sentencing judge in imposing or withholding imprisonment.

We turn, then, to the record before us in our review to determine if the sentencing court abused its discretion in placing this defendant on probation. The first matter which we are directed by § 29-2322 to have regard for is "The nature and circumstances of the offense." The record of the trial shows that each of defendant's convictions was based on a sale of approximately 1 pound of marijuana to an undercover law

enforcement officer in the town of Arnold, Nebraska, on the dates of August 5, September 10, 21, and 24, and December 17, 1981. The information was apparently prepared on January 12, 1983. Jury trial was had on October 25 and 26, 1983, resulting in the conviction of defendant. Defendant was sentenced to probation on December 9, 1983.

Other circumstances appear in the record by being placed therein by the prosecuting attorney in his remarks at sentencing to the sentencing judge. Those underlying circumstances were stated by the prosecuting attorney to be that this case was

> one of the Arnold cases and I guess the Court is well aware that the other Defendants received probation but I would point out the vast amount of difference between the other cases and this one. For one thing, in all the other cases but one there was a plea bargain in return for a plea of guilty the State agreed to recommend probation and to those Defendants that did that, they gave up their right to a trial, their right to a Jury and the right to take the chance that they could walk away from it a free person. They gave up all those things to enter a plea of guilty with the recommendation of probation and I think it would be unfair to them to give somebody the benefit of a bargain that wasn't made. There was one other case from Arnold where there was no plea bargain. That person took a Jury trial but in that case and all the other Arnold cases, the Defendant was charged with one count, just one transaction and in this case the Defendant had been convicted of five different counts occurring over a period of time.

In response, defendant's counsel informed the sentencing judge that "it would be contrary to all principles of American jurisprudence to tax her or penalize her for exercising her right to trial." The county attorney explained his statement to the sentencing court in his rebuttal remarks, when he said, "I didn't mean to say she shouldn't [sic] be punished for asking for a Jury trial. I simply wanted to say her case was different than all the rest and she shouldn't automatically get the same sentence as the rest of them did." The State makes much the same argument in its brief at 7.

The next matter the statute sets out that we should consider is "The history and characteristics of the defendant." The presentence investigation (hereinafter PSI) prepared by the probation officer showed defendant was 21 years old at the time of the crimes and 23 at the time of sentencing. The PSI also showed that defendant had worked at the same $3.75-per-hour job in Arnold, Nebraska, from May of 1981 to September of 1983, when she left due to a disagreement with her employer. This employment covered times before the crimes and for approximately 21 months after the crimes. The PSI report also showed that defendant had never been convicted of any felony before her arrest in this case and that she had not been involved in any criminal activity between the date of her arrest on July 9, 1982, and the preparation of the PSI on November 29, 1983. Defendant did have two speeding tickets—one in May of 1979 and one in February of 1980.

The PSI also showed that defendant's mother and father live in Sidney, Nebraska. They both have a good relationship with defendant and are supportive of her. Defendant graduated from high school in Sidney in 1978 and later fulfilled the requirements for state licensing in the field of cosmetology by completing courses at Western Nebraska Technical Community College, a state-operated vocational-technical school in Sidney. In early 1981 she worked three minimum wage jobs in Sidney at the same time, until she quit all her jobs, and she moved to Arnold after March of 1981 to live with a man 3 years her senior. As set out above, she remained employed in Arnold from May 1981 through September of 1983.

Other matters to be considered, as set out in § 29-2322 are: "The need for the sentence imposed" and "Any other matters appearing in the record which the court shall deem pertinent." No specific factual matters appear in the record in connection with these circumstances.

After being made aware of these factual matters, we then determine if the sentencing judge has applied correct law in considering all these matters. First, the law is settled that no defendant can be penalized for exercising his or her right to a jury trial. As the court has said in *State v. Lacy,* 195 Neb. 299, 304, 237 N.W.2d 650, 653, (1976), "It is true that a more severe

punishment cannot be exacted in order to punish a convicted person for exercising his right to trial." See, also, *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974), where the court stated, "This circuit has joined a host of other courts in recognizing that whether a defendant exercises his constitutional right to trial by jury to determine his guilt or innocence must have no bearing on the sentence imposed." Any conclusion to the contrary, as advocated by the county attorney herein, raises the possibility of misleading the sentencing judge as to defendant's constitutional rights. The sentencing judge apparently determined, and properly so, that he could not impose punishment on defendant for availing herself of her right to trial.

Further, the record does not disclose the dates of the earlier sentencings in the "Arnold cases," but the record does show that the other sentences were imposed before the sentence in this case. The sentencing judge is then faced with the possible problem of disparity in sentencing. *State v. Nix*, 215 Neb. 410, 411, 338 N.W.2d 782, 783 (1983), set out:

In *State v. Shonkwiler*, 187 Neb. 747, 751, 194 N.W.2d 172, 174 (1972), we stated: "At least as early as 1905, this court expressed its view that where two or more defendants are convicted for the same offense and different penalties are inflicted, and it appears from the evidence that the defendant receiving the least punishment is at least equally guilty, it may be necessary for this court to examine the evidence to determine whether there were justifiable reasons for the distinctions and whether the higher sentence should be reduced."

*Nix* involved a "sting" operation in Lincoln, where defendant Nix and another defendant sold stolen property to undercover officers. The instant case involved an undercover drug operation in which, apparently, many criminals were caught. We are not given any information by either party as to the degree of involvement of the other criminals, nor their prior criminal records, but we do know they received probation. It is also clear that the sentencing judge knew the other defendants and was aware of the facts in the other cases.

The PSI includes the report made by the undercover officer

and indicates that although defendant made the sales in question, she may well have been acting as a dupe of others. It may well have been difficult for the sentencing judge, in possession of more knowledge about the cases than is presented to us, to view a 21-year-old first offender, newly arrived in Arnold, living in sordid conditions with a man somewhat older, as a mastermind in drug dealing. The number of drug sales, while disturbing, is not dispositive of the sentence for this defendant. After the first sale to the undercover agent, this defendant was merely one more fish caught in the State's net and was merely permitted by the State, while in this net, to entangle herself more deeply in illegal activities and make an absolute fool and disgrace of herself.

The trial judge knows that somewhere in his sentencing decision he must face the holdings of this court that he must not give disparate sentences for similarly situated defendants.

The State argues in its brief at 7 that defendant "refused to enter into a plea arrangement, but rather in spite of overwhelming evidence of guilt she proceeded to trial on all five counts." Defendant's counsel, without contradiction by the county attorney, told the sentencing court that the State had never offered this defendant a chance to enter into a plea agreement. All these factors bear on the sentencing court's consideration in treating this defendant fairly. The sentencing judge, on the scene, knows far more about the defendant and the crime than a court reviewing a cold record about all these matters, and may well determine that the court should grant this defendant probation, since other defendants had received probation.

When a judge makes his own determination and places an unpopular defendant on probation, he knows he is inviting criticism. Such a judge now is also inviting possible reversal of his sentence determination by this court if the local county attorney can get the Attorney General's permission to appeal to this court. We, as the reviewing court, must examine all the facts in the record (many of which are mentioned in the State's brief) that affect that sentencing judge's exercise of discretion. If we determine that the judge has not abused his discretion, we must affirm his decision—popular or not.

All in all, the sentencing judge in this case has determined a sentence within statutory limits. We cannot say that in view of all the facts, including those set out above, that he has abused his discretion.

Our review in this case has been made more difficult because the sentencing judge has not expressed the reasons for his sentence. The judge is not required to do so. Nonetheless, the parties are entitled to have us examine the record to determine if the sentencing judge has abused his discretion.

It may well have been that this court, if it were imposing the original sentence, might have concluded that a sentence of imprisonment was required. Whether granting probation, however, in this case is an abuse of discretion is another question. We answer that question to the contrary.

In so holding we recognize that defendant may not successfully complete her probation. As set out in *State v. Komor*, 213 Neb. 376, 378, 329 N.W.2d 120, 122 (1983):

> It may be that the defendant will prove himself incapable of successfully carrying out a sentence of probation; however, we deem that, in view of the treatment accorded defendant's coperpetrator, and especially in view of the fact defendant has no prior criminal record, defendant must in any event be given the opportunity to try.

We agree with that statement in this case.

AFFIRMED.