STATE OF NEBRASKA, APPELLANT, V. RAMONA DOBBINS, ALSO
KNOWN AS RAMONA GOINGS, APPELLEE.
380 N.W.2d 640

Filed January 31, 1986.   No. 85-556.

George Rhodes, Custer County Attorney, for appellant.

Steven O. Stumpff of Stumpff Law Office, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by the State from the order of the district
court for Custer County sentencing the defendant, Ramona
Dobbins, to 18 months of probation, with the condition that
she serve 90 days in the county jail. The State assigns as error
that the sentence is excessively lenient and that the trial court
should have allowed the county attorney to offer testimony at
the sentencing hearing. The State contends that these actions
constitute an abuse of discretion by the trial court. We find no
abuse of discretion and affirm the sentence imposed by the trial
court.

The facts of the case are as follows. On October 2, 1984,
Dobbins, then 23 years old, entered the home of George Eacker
in Broken Bow by going through a screen door. Eacker, upon
entering his residence from the backyard, encountered

Dobbins. She asked him if she could use the bathroom, and he consented. After remaining in the bathroom for several minutes, she left the premises. Eacker and his wife then discovered that a floral arrangement, some perfume, and a jar were missing from the bathroom.

Dobbins then went to the home of Chard Hirsch and entered through the front door. Hirsch discovered Dobbins in the living room. Hirsch noted that her billfold, which was lying on a table, had been rifled. Dobbins asked if she could use the telephone. Hirsch consented and observed that the call was fictitious, as the phone started buzzing while Dobbins was talking. Hirsch also observed that Dobbins smelled of alcohol.

In the meantime, Eacker began searching for Dobbins so he could question her regarding the items missing from his home. Noticing that Dobbins' car was parked near the Hirsch residence, he knocked on the door and asked to see Dobbins. Dobbins then left the house and got into her car, but she was prevented from driving away when Eacker removed the keys from the ignition. The police were called, and Dobbins was arrested.

An information filed October 19, 1984, charged Dobbins with two counts of burglary under Neb. Rev. Stat. § 28-507 (Reissue 1979), Class III felonies, and with carrying a concealed weapon, a Class I misdemeanor. On March 29, 1985, Dobbins entered pleas of guilty to the counts of burglary, and the county attorney dismissed the charge of carrying a concealed weapon. The district judge ordered a presentence investigation. On July 3, 1985, Dobbins received a sentence of 18 months' supervised probation, including 90 days in the Custer County jail with credit for 18 days served while awaiting trial. The county attorney filed notice of appeal, and the court suspended the 90-day sentence and released Dobbins on personal recognizance pending the appeal.

The appeal is properly filed under Neb. Rev. Stat. § 29-2321 (Cum. Supp. 1984), and this court has the following options under Neb. Rev. Stat. § 29-2323 (Cum. Supp. 1984):

> Upon consideration of the criteria enumerated in section 29-2322, the Supreme Court shall:
> (1) If it determines that the sentence imposed is

excessively lenient, set aside the sentence, and:

(a) Remand the case for imposition of a greater sentence;

(b) Remand the case for further sentencing proceedings; or

(c) Impose a greater sentence; or

(2) If it determines that the sentence imposed is not excessively lenient, affirm the sentence.

Neb. Rev. Stat. § 29-2322 (Cum. Supp. 1984) prescribes the factors to be taken into account by this court when reviewing a sentence imposed by a trial court:

If the appeal has been properly filed, as set forth in section 29-2321, the Supreme Court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the court shall deem pertinent.

It is clear that the trial court's sentence in this case is within statutory limits provided by Neb. Rev. Stat. § 29-2260(2) (Cum. Supp. 1984), which authorizes the granting of probation in any case "for which mandatory imprisonment is not specifically required."

A sentencing judge has broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed. Evidence regarding a defendant's life, character, and previous conduct, as well as prior convictions, is highly relevant to the determination

of a proper sentence. Such information may be found in reports of probation officers, police reports, affidavits, and the judge's observations of the defendant. *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984).

The factual information available to the court reveals the following about the defendant. She has an extensive criminal history dating from 1978, with theft being charged eight times. She was committed to the Nebraska Center for Women in York from November 1982 to October 1983. Dobbins received her GED while incarcerated in York.

Dobbins had an unhappy childhood, as one of 10 children. She has never associated with her father, and her stepfather suffered from alcoholism. She was committed for psychiatric evaluation while in grade school, due to behavior problems and glue sniffing. She has not been gainfully employed since 1978. Dobbins has two sons from a previous relationship and is currently married to Dennis Dobbins. She has been evaluated and found to be of borderline intelligence and frequently depressed.

Between her arrest and sentencing for the two counts of burglary, Dobbins underwent inpatient alcoholism treatment at St. Gabriel's Treatment Center in Omaha. She was satisfactorily discharged on December 19, 1984. The diagnosis was chemical dependency in the terminal stage. Since her release, Dobbins has had sporadic attendance at Alcoholics Anonymous meetings.

The trial judge considered these factors, including her criminal record, before imposing sentence on Dobbins. He did not sentence her to the penitentiary because she had recently successfully completed inpatient alcoholism treatment, because the value of the items taken during the burglaries was small, and because there was no violence associated with the burglaries.

The scope of review in a case where the State appeals a sentence is whether there was an abuse of discretion. A grant of probation will not be disturbed on appeal unless there appears to be an abuse of discretion. *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984). The trial court has the opportunity to observe the defendant throughout the judicial process and is in a better position than this court to determine whether the

defendant is suited for probation.

> When a judge makes his own determination and places an unpopular defendant on probation, he knows he is inviting criticism. Such a judge now is also inviting possible reversal of his sentence determination by this court if the local county attorney can get the Attorney General's permission to appeal to this court. We, as the reviewing court, must examine all the facts in the record (many of which are mentioned in the State's brief) that affect that sentencing judge's exercise of discretion. If we determine that the judge has not abused his discretion, we must affirm his decision—popular or not.

*Id.* at 888, 359 N.W.2d at 820.

Upon review of the record as a whole, we do not find that the judge abused his discretion in sentencing the defendant to probation with 90 days in the county jail. While it is, perhaps, a lenient sentence, it is not excessively lenient.

The State's second assignment of error, that the trial court should have allowed the county attorney to offer testimony at the sentencing hearing, is not persuasive. The trial court has broad latitude in receiving evidence at a sentencing hearing. *State v. Stranghoener*, 208 Neb. 598, 304 N.W.2d 679 (1981). The record shows that the judge considered the evidence offered by the county attorney and legitimately decided against allowing testimony. We find no abuse of discretion.

For all the foregoing reasons we affirm the sentence of the district court.

AFFIRMED.