STATE OF NEBRASKA, APPELLANT, V. CHARLES E. WINSLEY, APPELLEE.

393 N.W.2d 723

Filed October 3, 1986.   No. 86-117.

Stephen E. Sturek, Jr., Deputy Sarpy County Attorney, for appellant.

Raymond J. Hasiak, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The State of Nebraska, through the Sarpy County attorney, appeals to this court pursuant to the provisions of Neb. Rev. Stat. § 29-2320 (Reissue 1985), which authorizes a county attorney to appeal a sentence imposed upon a defendant if the county attorney reasonably believes that the sentence is excessively lenient. The single question presented to us is whether a sentence of probation given the defendant by the district court in this case is excessively lenient and should therefore be modified. We have reviewed the record and, based upon all the facts and circumstances of this case, believe that a sentence of probation is excessively lenient and, for that reason, do impose a greater sentence.

The defendant, Charles E. Winsley, was charged in the district court for Sarpy County, Nebraska, in a two-count amended information, with possession of heroin with intent to deliver in violation of Neb. Rev. Stat. § 28-416(1) (Cum. Supp. 1984), as a Class III felony, and possession of heroin in violation of § 28-416(3), a Class IV felony. Upon conviction of a Class III felony, one may be sentenced to imprisonment for not less than 1 nor more than 20 years, or assessed a fine of not to exceed $25,000, or both imprisoned and fined. Upon conviction of a Class IV felony, an individual may be imprisoned for not more than 5 years or fined not more than $10,000, or both imprisoned and fined. After ordering and receiving a presentence investigation report, the district court sentenced Winsley to 3 years' probation, the conditions of which included a term of 90 days in jail with credit for 70 days served awaiting disposition, submission to testing of body fluids and breath, and attendance at meetings of Alcoholics Anonymous twice a week for a year and weekly thereafter.

A recitation of the facts is necessary in order to make the analysis of the issue presented to us by this appeal. The record discloses that on March 1, 1985, a member of the Nebraska State Patrol observed a vehicle westbound on Interstate 80 in Sarpy County traveling at what appeared to be an excessive rate of speed. Upon checking the speed with the use of radar, the officer determined that the vehicle was traveling in excess of 70 miles per hour in a 55-miles-per-hour speed zone. The officer

stopped the vehicle and identified the driver as the defendant, Charles E. Winsley. Winsley was unable to produce a valid operator's license. The registration disclosed that the automobile was a rented vehicle. A records check disclosed that Winsley's license had previously been suspended and that there was an outstanding traffic warrant for his arrest. The officer placed Winsley under arrest and requested a tow truck for the car. Another patrol officer arrived and was requested to make an inventory of the vehicle. During the time that the inventory was conducted, a shaving kit containing a metal Vaseline jar lid with soot on the bottom, three used hypodermic syringes, three books of matches, and two vials containing foil packets were discovered. Each of the 15 foil packets was later found to contain heroin cut with Benadryl and cocaine. The street value of these drugs was approximately $1,600. Winsley stated that he had never seen the shaving kit before and that he did not know anything about illegal drugs. After Winsley and the officer arrived at the jail, the sheriff asked to see Winsley's arms, and there appeared to be needle marks on his right arm. The sheriff also observed similar marks and a scab on his left arm.

During the trial, an expert witness testified that the paraphernalia found in the kit was of the type that was used by an individual who was taking heroin. The expert witness further testified that in his opinion the quantity of heroin indicated possession with intent to distribute, although he conceded it was possible that what was found was simply a "fourteen and a half days worth of supply for somebody with a two and a half packet a day habit." Further, without objection, evidence was introduced that would indicate that use of a rental automobile was consistent with the profile of a person engaged in drug trafficking as well as the fact that persons engaged in selling drugs lived in a style inconsistent with their earnings.

The presentence investigation report disclosed that Winsley was 33 years old and, although never married, is the father of at least two children. He has twice previously violated his probation for grand larceny. He was jailed the first time. On the second occasion he violated probation by becoming involved in another theft charge and was incarcerated in the Nebraska

Penal and Correctional Complex. His sentence was later extended because of a conviction for escape. Both Winsley and one Charlayne Howell, to whom Winsley was engaged and the mother of one of his children, denied that Winsley now used drugs. However, according to the presentence investigation report, Winsley has a long history of drug abuse, including cocaine, marijuana, hashish, and Biphetamine. Moreover, the drug in the instant case contained a deadly combination. And, while Winsley maintains that he is not currently on drugs, he admitted that he was taking methadone, a substance used by individuals to wean themselves off of drugs.

Neb. Rev. Stat. § 29-2322 (Reissue 1985) provides:

> If the appeal has been properly filed . . . the Supreme Court, upon review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:
>
> (1) The nature and circumstances of the offense;
>
> (2) The history and characteristics of the defendant;
>
> (3) The need for the sentence imposed:
>
> (a) To afford adequate deterrence to criminal conduct;
>
> (b) To protect the public from further crimes of the defendant;
>
> (c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and
>
> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and
>
> (4) Any other matters appearing in the record which the court shall deem pertinent. ·

As we review these various characteristics set out by statute, we believe that a sentence of probation must be said to be excessively lenient.

The offense is an extremely serious one, from the standpoint of both Winsley's health and the health of those to whom Winsley would sell the drugs and as it affects the public generally. Moreover, the history and characteristics of the defendant require us to reach the conclusion that a sentence of probation is excessively lenient. Winsley has previously been

placed on probation and each time has continued to violate the law. While, admittedly, the occasions were some 10 years ago, nevertheless they do indicate that Winsley is an individual who has been given an opportunity to rehabilitate and who has elected not to take advantage of that opportunity. At the time of his arrest he was operating a motor vehicle while on suspension and was being sought pursuant to an outstanding warrant.

Furthermore, this is not a case in which the defendant is remorseful about his behavior and seeks assistance from the State. It is clear that one may not receive a more severe sentence because he or she pled not guilty and put the State to the expense of a trial. See, *State v. Lacy*, 195 Neb. 299, 237 N.W.2d 650 (1976); *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984). Nevertheless, when attempting to determine whether the defendant is a proper candidate for probation and rehabilitation, the court, of necessity, must consider whether the defendant acknowledges his or her guilt. Even after conviction, Winsley continues to maintain that he was innocent, did not himself currently use drugs, and did not sell them to anyone else. Furthermore, we believe that a sentence of probation in this case does not protect the public from further crimes of the defendant nor serve as adequate deterrence to further criminal conduct. Such sentence certainly does not reflect the seriousness of the offense, nor does it promote respect for the law or provide just punishment for the instant offense, all factors which we are required to review pursuant to § 29-2322.

We are somewhat impressed in this matter that even the sentencing judge had misgivings about placing Winsley on probation. In imposing a sentence of probation the sentencing judge said, "I'm going to sentence you to 90 days in jail and put you on probation for three years. I do this very reluctantly. My reluctance is the deterrent effect on others that deal in drugs. . . . You don't reflect the proper attitude for probation." The district judge was correct in his conclusion that Winsley did not reflect the proper attitude for probation, and, indeed, probation should not have been ordered.

These cases of necessity must be reviewed by us on a case-by-case basis. As a result, therefore, we are unable to set

out with exactness any greater standards than those prescribed by the provisions of § 29-2322. Compare, *State v. Jallen, supra; State v. Dobbins*, 221 Neb. 778, 380 N.W.2d 640 (1986). Nevertheless, an examination of all of the factors in this case leads us to the conclusion that the sentence imposed was excessively lenient and requires us to set it aside.

Neb. Rev. Stat. § 29-2323(1) (Reissue 1985) provides:

> If [the Supreme Court] determines that the sentence imposed is excessively lenient, [it may] set aside the sentence, and:
>
> (a) Remand the case for imposition of a greater sentence;
>
> (b) Remand the case for further sentencing proceedings; or
>
> (c) Impose a greater sentence.

We perceive of no benefit to be gained by remanding the matter back to the district court, and therefore we simply set aside the sentence previously imposed by the district court and impose our own greater sentence.

It is therefore ordered that the defendant, Charles E. Winsley, be committed to the Nebraska Department of Correctional Services for a period of not less than 3 nor more than 5 years, with credit for all time spent in custody either awaiting disposition in this matter or while this matter has been on appeal.

It is further ordered that the defendant pay the costs of the action in the district court for Sarpy County, Nebraska. Judgment is entered against the defendant for such costs in the amount of $217.16 as well as the costs in this appeal. It is further ordered that the defendant is remanded to the custody of the Sarpy County sheriff for placement in the Sarpy County jail pending transportation to the Nebraska Department of Correctional Services in accordance with the sentence imposed by this opinion. Commitment to issue.

SENTENCE MODIFIED.