STATE OF NEBRASKA, APPELLANT, V. ROXANNE E. STASTNY, ALSO KNOWN AS ANN E. EWING, APPELLEE.

419 N.W.2d 873

Filed March 4, 1988.   No. 87-620.

Ronald L. Staskiewicz, Douglas County Attorney, and Robert C. Sigler, for appellant.

Thomas M. Kenney, Douglas County Public Defender, and Timothy P. Burns, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and HANNON, D.J.

SHANAHAN, J.

Pursuant to Neb. Rev. Stat. § 29-2320 (Reissue 1985), the county attorney of Douglas County appeals the sentences imposed on Roxanne E. Stastny and claims that the sentences are excessively lenient.

Initially, the State charged Stastny in separate informations, that is, charges of second degree forgery in violation of Neb. Rev. Stat. § 28-603(1) (Reissue 1985), theft by unlawful taking in violation of Neb. Rev. Stat. § 28-511(1) (Reissue 1985), and second offense issuance of a "bad check" for $100 (no account or insufficient funds) in violation of Neb. Rev. Stat. § 28-611(1)(c) and (2) (Reissue 1985). Apparently, there was a fourth information, "three counts of possession of a controlled substance," but the record contains no other information about the nature of the controlled substance charges.

Pursuant to a plea agreement, the State dismissed the controlled substance charges, and Stastny entered her plea of guilty to the charges of theft and forgery and her no contest plea to the bad check charge. Each of the crimes charged to which Stastny entered her plea is a Class IV felony and is punishable by a maximum term of imprisonment for 5 years, with no minimum term of imprisonment statutorily specified; a $10,000 fine; or both such imprisonment and fine. See Neb. Rev. Stat. § 28-105(1) (Reissue 1985). The court accepted Stastny's pleas and ordered a presentence investigation.

According to the presentence report, Stastny was 26 years of age, married but separated, and had two dependent daughters, ages 11 and 5, who were living with Stastny's mother and grandmother while Stastny was serving a 6-month sentence for "issuing a bad check." At sentencing in the present case, 3 months remained to be served on that 6-month sentence. Although unemployed since 1980, Stastny obtained her GED while in custody at the Douglas County department of corrections. Since the age of 15, Stastny has used controlled

substances obtained through physicians' prescriptions and, during the 2 years preceding her sentence in the present case, daily used methamphetamine and occasionally used cocaine.

Stastny has a Nebraska criminal record which started in 1983 with a conviction and sentence of probation for a bad check. In 1986, Stastny was convicted of shoplifting and theft by deception, which resulted in imprisonment for 90 days on the shoplifting conviction. In 1987, before the sentences involved in this appeal, Stastny was convicted of second degree forgery and received a sentence of 10 days' imprisonment.

For the theft conviction involved in this appeal, the court sentenced Stastny to imprisonment for 60 days, which was to be served consecutively to the 6-month sentence already being served by Stastny. Concerning the forgery and bad check convictions, the court sentenced Stastny to concurrent periods of probation for 2 years on each conviction, ordered Stastny to "enter the N.O.V.A. Program immediately upon her release from Douglas County Department of Corrections and remain in the program as recommended," and additionally ordered that Stastny "serve the last ninety (90) days in the Douglas County Department of Corrections, unless waived by the Court for good cause shown." The probation order also included a provision that Stastny "shall not take prescription drugs without Court approval."

Concerning a claim that a sentence is excessively lenient, Neb. Rev. Stat. § 29-2322 (Reissue 1985) provides in pertinent part:

> [T]he Supreme Court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:
>
> (1) The nature and circumstances of the offense;
>
> (2) The history and characteristics of the defendant;
>
> (3) The need for the sentence imposed:
>
> (a) To afford adequate deterrence to criminal conduct;
>
> (b) To protect the public from further crimes of the defendant;
>
> (c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the court shall deem pertinent.

Regarding an appeal and claim by the State that an imposed sentence is "excessively lenient," this court stated in *State v. Winsley*, 223 Neb. 788, 792-93, 393 N.W.2d 723, 726 (1986): "These cases of necessity must be reviewed by us on a case-by-case basis. As a result, therefore, we are unable to set out with exactness any greater standards than those prescribed by the provisions of § 29-2322."

As we expressed in *State v. Dobbins*, 221 Neb. 778, 781-82, 380 N.W.2d 640, 642 (1986):

The scope of review in a case where the State appeals a sentence is whether there was an abuse of discretion. A grant of probation will not be disturbed on appeal unless there appears to be an abuse of discretion. [Citation omitted.] The trial court has the opportunity to observe the defendant throughout the judicial process and is in a better position than this court to determine whether the defendant is suited for probation.

In *Dobbins*, we determined that a sentence of imprisonment for 90 days and probation for 18 months may have been "a lenient sentence, [but] not excessively lenient," 221 Neb. at 782, 380 N.W.2d at 643, for convictions on an information charging Dobbins with two counts of burglary, a violation of Neb. Rev. Stat. § 28-507 (Reissue 1985) and a Class III felony.

Therefore, in the State's appeal, allowed by Neb. Rev. Stat. §§ 29-2320 et seq. (Reissue 1985), on a claim that an imposed sentence is excessively lenient, the sentence imposed will be upheld unless the sentencing court abused its discretion concerning the questioned sentence.

In sentencing Stastny to imprisonment for 150 days, the district court considered the 6-month sentence already being served by Stastny. If the court were to remit the last 90 days of imprisonment regarding the sentences appealed, Stastny, nevertheless, would be incarcerated for approximately 5 months after sentencing in the present case, that is, the

remainder of her 6-month sentence being served at imposition of the sentences questioned by the State plus the consecutive 60 days of imprisonment as a part of the sentences involved in this appeal. The sentencing court apparently felt that imprisonment, by itself, would not be an effective sentence under the circumstances and concluded that a program for Stastny's rehabilitation was appropriate. Therefore, the district court imposed stringent and special conditions to be satisfied during Stastny's probation for 2 years, namely, entry into the "N.O.V.A. Program" and abstinence from prescription drugs without court approval. If Stastny's desire for self-improvement were insufficient for the rehabilitative program, prospective remission of 90 days' imprisonment, at least in the eyes of the sentencing court, might encourage Stastny's satisfactory participation in the program for her rehabilitation. In fashioning a sentence which included probation for Stastny, the district court obviously kept in mind a permissible consequence of Stastny's violation of probation, namely: "If the court finds that the probationer did violate a condition of [her] probation, it may revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which [she] was convicted." Neb. Rev. Stat. § 29-2268(1) (Reissue 1985). See, also, *State v. Painter*, 223 Neb. 808, 394 N.W.2d 292 (1986).

While deliberating the sentence for Stastny, the district court likely considered, and we note, the provisions of Neb. Rev. Stat. § 29-2260(3) (Reissue 1985), which provides in part: "The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment: . . . (k) Imprisonment of the offender would entail excessive hardship to his or her dependents." The district court undoubtedly gave weight to Stastny's dependent minor children as factors in the sentence to be imposed.

From the information presented to this court, we are unable to conclude that the district court abused its discretion and imposed excessively lenient sentences on Stastny. Therefore, the sentences are affirmed.

AFFIRMED.