STATE OF NEBRASKA, APPELLANT, V. MICHELLE UMMEL, APPELLEE.

500 N.W.2d 191

Filed March 2, 1993.    No. A-92-298.

Marcie A. Hagerty, Deputy Hall County Attorney, for appellant.

Ralph A. Bradley, of Bradley & Maser Attorneys at Law, P.C., for appellee.

HANNON, IRWIN, and MILLER-LERMAN, Judges.

IRWIN, Judge.

Pursuant to Neb. Rev. Stat. § 29-2320 (Cum. Supp. 1992), the county attorney of Hall County appeals the sentences imposed on Michelle Ummel, appellee, claiming that the sentences are excessively lenient. This statute authorizes a county attorney to appeal the sentence imposed upon a defendant if the county attorney reasonably believes, based on all the facts and circumstances of the particular case, that the sentence is excessively lenient. The sole question to be answered is whether the sentences imposed in this case are excessively lenient and should therefore be modified. We have reviewed the record and, based upon all the facts and circumstances of this case, determined that the sentences imposed are excessively lenient, and for that reason, we impose greater sentences.

On December 24, 1991, Ummel entered a plea of guilty to the charge of second degree forgery in violation of Neb. Rev. Stat. § 28-603(1) (Reissue 1989) in case No. 38-025 (Hall County District Court). At the same hearing, she also entered pleas of guilty to two other counts of second degree forgery in a companion case, case No. 38-023 (Hall County District Court).

All three of these offenses are Class IV felonies. § 28-603(3). Each of the crimes charged to which Ummel entered her pleas is punishable by a maximum term of imprisonment of 5 years, with no minimum term of imprisonment statutorily specified; a $10,000 fine; or both such imprisonment and fine. See Neb. Rev. Stat. § 28-105(1) (Reissue 1989). These pleas were entered pursuant to a plea agreement. As part of the agreement, the State agreed that it would not file approximately 30 other forgery counts, also felonies, and that the State would dismiss 2 pending misdemeanor charges. The court accepted Ummel's pleas and ordered a presentence investigation.

After receiving the presentence investigation report, the district court sentenced Ummel regarding case No. 38-025 to 60 days in the county jail. Regarding case No. 38-023, Ummel was ordered to serve 60 days in the county jail on count I and 60 days in the county jail on count II. The court further ordered that all the sentences were to run consecutively. In regard to case No. 38-023, the court allowed appellee credit for prior time served from September 5 to December 16, 1991, and specifically found that the credit should apply to both counts in that case. The court stated to Ummel that it appeared she would actually have to serve about 90 days in jail. Ummel was also ordered to make restitution in the amount of $356.

An account of the facts is necessary in order to make the examination of the issue presented to us by this appeal. The presentence investigation report disclosed that Ummel was 19 years of age, was unmarried, and had one minor child, age $2^1/2$, who was living with Ummel's mother. Ummel was employed by her father, who owns a tree service. Ummel's educational background culminated with her obtaining a GED while incarcerated in the Hall County Jail.

An examination of the presentence investigation report indicates a long history, even for a 19-year-old, of antisocial and criminal behavior.

By her own report, Ummel was "kicked out" of a high school in Indiana during her ninth grade year because she had marijuana and "white crosses" (amphetamines) on her person at school. Ummel also related to the probation officer that she had been suspended and expelled from school at an early age

due to smoking and fighting.

Ummel has a history of criminal activity and has been involved in the criminal justice system since she was 15 years old. She has been convicted of numerous misdemeanors, including false reporting, disturbing the peace, forgery, and five different shoplifting convictions. She has also been convicted of numerous traffic offenses, driving under suspension, and violating probation. Ummel has received sentences ranging from fines to probation to jail terms.

On January 4, 1989, Ummel was placed on probation for 90 days regarding a disturbing the peace charge. While on probation, she committed shoplifting and theft offenses. As a result of this, she was then committed to the Youth Development Center-Geneva on February 16. She was 16 years old.

After release from the Youth Development Center, Ummel was convicted of the offenses of false reporting and driving under suspension and was placed on probation. As a part of her probation order, she was ordered to serve the first 7 days of the probation in jail. On November 1, 1990, Ummel was cited for driving while intoxicated and minor in possession of alcohol. A motion to revoke the September 1990 probation was filed, and a hearing was held on January 24, 1991. As part of a plea agreement, the driving while intoxicated and minor in possession charges were dismissed. Ummel admitted her violation of the terms and conditions of her probation, as well as her guilt regarding another minor in possession charge, and was sentenced to 37 days in jail.

It appears that probation was certainly out of the question as a sentence in the instant case, given Ummel's past history regarding probationary sentences.

Next, Ummel was sentenced on September 13, 1991, to 90 days in jail for aiding and abetting a forgery, a Class I misdemeanor. She was released from that jail term shortly before she entered her guilty pleas in the case before us. Between the date of the plea in this case, December 24, 1991, and the sentencing date, March 20, 1992, Ummel continued to participate in criminal activity. The presentence investigation report indicates that on January 3, 1992, she was charged with four offenses, including three felonies: burglary, possession of

a controlled substance, and felony theft. On January 14, again while Ummel was awaiting sentencing on the present charges, she was charged with shoplifting, to which she subsequently pled guilty. On January 18, she was charged with still another shoplifting charge, third offense, a Class IV felony, and on January 23, she was charged with possession of a controlled substance, a Class II felony. These latter two charges were pending at the time of the sentencing in the present cases.

The presentence investigation report indicates that Ummel has an extreme addiction to drugs, most prominently cocaine. In fact, during her presentence investigation, she stated that other than the criminal matters pending before the court at the present time, her "biggest problem was 'cocaine.' " She admits to stealing $500 from her father and admits to other instances of stealing on numerous occasions to buy drugs. She also admits to having dealt drugs in the past. Ummel's own description of herself as being addicted to illegal drugs is telling. She admitted to the use of a variety of illegal drugs during the fall of 1990 including crystal (methamphetamine) and states that during the winter of 1990 she " '[t]hen got into coke everyday up until 01-23-92 except when in jail . . . and when in treatment in May of 1991.' "

As mentioned above, Ummel has received treatment for her chemical abuse problems. Records show that she was admitted to Mary Lanning Memorial Hospital in Hastings, Nebraska, on May 8, 1991, and was discharged on June 6. Upon completion of treatment, Ummel went to a halfway house in Hastings for approximately 2½ weeks. Treatment having been tried and obviously failing, and given the litany of offenses stated earlier, this was not an alternative for the sentencing judge either.

Ummel admitted that when she committed the forgeries in the instant case, she and some friends had been using cocaine and had exhausted their supply. By her own admission, finding that it was quite simple to obtain money by cashing stolen checks, Ummel wrote more checks to buy more cocaine.

Regarding a claim that a sentence is excessively lenient, Neb. Rev. Stat. § 29-2322 (Cum. Supp. 1992) provides:

> [T]he appellate court, upon a review of the record, shall determine whether the sentence imposed is excessively lenient, having regard for:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the appellate court deems pertinent.

As we review the record in this case, considering the above standards, we determine that the sentences imposed are excessively lenient.

The offense for which appellee has been convicted is of a serious nature. Over $3,000 in forged checks were negotiated by Ummel regarding the victim's checking account. Ummel wrote the checks to numerous merchants for either money or merchandise. Merchandise was then either returned to the merchants for a cash refund or sold or traded for drugs. Ummel had made no restitution to the victim for her crime as of the time of sentencing.

Ummel has received a variety of sentences in her criminal past. These sentences have ranged from fines to probation to jail terms, in an escalating fashion. Ummel's record, including her act violating probation in November 1990 and her failure to appear for her initial presentence investigation meeting, confirms that she is a poor candidate for probation. This was so indicated by the sentencing judge.

The sentences imposed by the trial court are no greater and were actually even more lenient than some of the sentences imposed upon Ummel for past offenses. As an example, she had previously been sentenced to 90 days in jail for aiding and abetting forgery, which was a Class I misdemeanor. In the present case, all the forgeries were felonies and she was sentenced to 60 days in jail for each. It is unlikely that lesser

sentences than she has received in the past will serve as deterrents to her committing further crimes in the future.

In an appeal by the State that a sentence was excessively lenient, the Supreme Court stated in *State v. Winsley*, 223 Neb. 788, 792-93, 393 N.W.2d 723, 726 (1986): "These cases of necessity must be reviewed by us on a case-by-case basis. As a result, therefore, we are unable to set out with exactness any greater standards than those prescribed by the provisions of § 29-2322."

The sentences imposed do not reflect the seriousness of the offense, nor do they promote respect for the law or provide just punishment for the instant offenses, all factors which we are required to consider pursuant to § 29-2322.

This court has reviewed the opinions of the Supreme Court regarding similar appeals. As of the completion of the research for this opinion, there have been six cases filed by prosecutors regarding claims of excessively lenient sentences. Those cases are *State v. Wojcik*, 238 Neb. 863, 472 N.W.2d 732 (1991); *State v. Foral*, 236 Neb. 597, 462 N.W.2d 626 (1990), *appeal after remand* 240 Neb. 346, 481 N.W.2d 583 (1992); *State v. Stastny*, 227 Neb. 748, 419 N.W.2d 873 (1988); *State v. Winsley, supra*; *State v. Dobbins*, 221 Neb. 778, 380 N.W.2d 640 (1986); and *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984).

The Supreme Court has either modified or vacated and remanded for sentencing three of the above cases. Those are *Wojcik*, *Foral*, and *Winsley*. This court has reviewed all six opinions prior to reaching its conclusion in this case. The Supreme Court's comments in the three cases in which the sentences were found not to be excessively lenient were instructive.

In *Jallen*, the Supreme Court upheld the sentence, commenting that it was not an abuse of discretion for the trial court to place the defendant on probation, since the defendant had no prior criminal record and other defendants in the case had received probation.

In *Dobbins*, the court affirmed the sentence, noting that between the time of the defendant's arrest and sentencing, she had undergone inpatient alcoholism treatment. The defendant had been satisfactorily discharged and had attended Alcoholics

Anonymous meetings. The court also noted that the value of the items taken during the burglaries was small and that there was no violence associated with the crimes.

In *Stastny*, the Supreme Court stated that the sentence was not impermissibly lenient in view of the defendant's efforts at self-improvement. The sentencing court had felt that imprisonment, by itself, would not be an effective sentence under the circumstances. It concluded that a program for Stastny's rehabilitation was appropriate. A probationary term was imposed which contained extremely stringent and special conditions to be satisfied during the term of the probation.

Mindful of these preceding opinions, we find that, unlike *Jallen*, Ummel has a prior criminal record and that there were no other codefendants who were treated in the lenient fashion that she was. In contrast to *Dobbins* and *Stastny*, Ummel has failed to take any further actions to cure her obvious addiction and, in fact, has returned to a pattern of criminal behavior after completing inpatient treatment in the past. Also, unlike *Dobbins* and *Stastny*, the value of the property involved was not small, but exceeded $3,000.

We see no benefit to be gained by remanding this matter to the district court, and therefore, we simply set aside the sentences previously imposed by the district court and impose our own greater sentences.

It is therefore ordered that appellee, Michelle Ummel, be committed to the Nebraska Department of Correctional Services for a period of not less than 8 months nor more than 2 years on each count, all sentences to be served consecutively, with credit for all time spent in custody awaiting disposition in this matter.

. It is further ordered that Ummel pay the costs of the action in the district court for Hall County. Judgment is entered against Ummel for such costs as well as the costs of this appeal. It is further ordered that she is remanded to the custody of the Hall County sheriff for placement in the Hall County Jail pending transportation to the Nebraska Department of Correctional Services in accordance with the sentences imposed by this opinion.

As an addendum, in preparing its brief, the State is required

to observe Neb. Ct. R. of Prac. 9D(1)f (rev. 1992). That rule states that "[t]he statement of facts shall be made in narrative form, and shall consist of so much of the substance of the record as is necessary to present the case. Each and every recitation of fact, whether in the statement of facts or elsewhere in the brief, shall be annotated to the record . . . ." The State has disregarded the preceding rule. The brief contains many allusions to the record, but was not annotated to the same. However, we are bound to examine the record and have done so in this case.

SENTENCE MODIFIED.