STATE OF NEBRASKA, APPELLANT, V. DAVID E. FORAL, APPELLEE.

462 N.W.2d 626

Filed November 16, 1990.    No. 90-337.

Ronald L. Staskiewicz, Douglas County Attorney, and Gregory R. Abboud for appellant.

Martin J. Kushner, of Kushner Law Office, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an appeal by the State under Neb. Rev. Stat. § 29-2320 (Reissue 1989).

After a plea of guilty to operating a motor vehicle while his license was suspended for life or 15 years, a Class IV felony punishable by a maximum term of imprisonment for 5 years, with no minimum specified; a $10,000 fine; or both, see Neb. Rev. Stat. § 28-105(1) (Reissue 1989), on March 30, 1990, the trial court sentenced the defendant, David E. Foral, to 5 years' imprisonment. Three days later, on April 2, 1990, the district court granted the defendant's motion to reduce the sentence and changed the sentence from 5 years' imprisonment to 5

years' probation, the terms of which included that the defendant totally abstain from alcohol and that the defendant not drive. The State contends that the sentence as reduced is excessively lenient.

According to the presentence report, the defendant's criminal record over a period of 20 years includes arrests or convictions for theft, possession of marijuana, possession of drug paraphernalia, negligent driving, willful reckless driving, leaving the scene of a property damage accident, numerous other traffic violations, disturbing the peace, disorderly conduct, public drunkenness, giving false information, and loitering/prowling.

Most notable regarding the defendant's record is that he has been convicted six times of driving while under the influence of alcoholic liquor and twice of driving during suspension, with several other charges of driving during suspension having been dismissed. For these offenses, the defendant has been on probation several times and served two separate terms in the Nebraska Penal and Correctional Complex. Furthermore, the defendant has been convicted twice of drunk driving while on probation for a drunk driving conviction.

The defendant is 34 years old, is married, and has four children. Prior to the arrest from which this charge arose, the defendant had been sober for 2 years. He was working and had recently purchased a house for his family and himself.

The circumstances leading to the defendant's arrest in this case occurred on November 25, 1989, when police officers responded to the report of a two-car collision at 36th and Q Streets in Omaha, Nebraska. Immediately before the accident, the defendant's vehicle had been observed speeding and being driven recklessly. Upon arriving at the scene of the accident, the officers found the defendant sitting on the sidewalk in what they believed to be an intoxicated state. Described by the officers as combative, belligerent, and profane, the defendant refused to submit to a test under the implied consent law.

The record contains no findings explaining why the defendant's sentence was reduced from 5 years' imprisonment to 5 years' probation. Although the trial court is not required to make findings of fact or specify a reason for reducing the

sentence, *State v. Jallen*, 218 Neb. 882, 359 N.W.2d 816 (1984), we are unable to perceive any reason from the record which would justify the reduction in the sentence.

When the State appeals from a sentence, contending that it is excessively lenient, this court reviews the record for an abuse of discretion, and a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court. *State v. Dobbins*, 221 Neb. 778, 380 N.W.2d 640 (1986). In reviewing such a case for an abuse of discretion,

> our review is governed by § 29-2322, which sets out the factors we are to consider in determining whether the sentence imposed is "excessively lenient." Additionally, we note that § 29-2260(2)(a), (b), and (c) sets out factors to be considered by a sentencing judge in determining if a defendant should be imprisoned, while § 29-2260(3)(a) through (k) sets out factors to be considered in the decision to withhold imprisonment. The sentencing judge's discretion is guided by all these factors. Our review of the alleged abuse of the sentencing judge's discretion, therefore, must recognize these statutory guidelines set out for the direction of the sentencing judge in imposing or withholding imprisonment.

*State v. Jallen, supra* at 884, 359 N.W.2d at 818.

Neb. Rev. Stat. § 29-2260 (Reissue 1989) provides in pertinent part:

> (2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

> (a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

> (b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a

correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

In considering the factors under subsection (2), it appears that the risk is substantial that during a period of probation the defendant would engage in additional criminal conduct. The defendant has demonstrated a disregard for the law. We believe the sentence of probation depreciates the seriousness of the defendant's crime and promotes disrespect for the law.

As to the factors under subsection (3), the only one that appears to apply to the defendant is (k).

In our review of the record to determine whether the sentence

imposed is excessively lenient, Neb. Rev. Stat. § 29-2322 (Reissue 1989) directs this court to have regard for:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the court shall deem pertinent.

After a review of the standards set out in § 29-2322 and the guidelines set forth in § 29-2260, we find that the sentence to probation in this case was excessively lenient and that the district court abused its discretion in granting reduction from the original sentence.

The defendant was driving while intoxicated during a period when his driver's license had been suspended for 99 years. He has demonstrated a propensity to drive drunk during the suspension of his license. A sentence is needed in this case to protect the public from the potential deadly consequences of the defendant's driving during suspension and while intoxicated, to promote respect for the law, and to serve as an adequate deterrent to further criminal conduct. The sentence of probation does none of this and, as such, is excessively lenient, requiring this court to set it aside.

Neb. Rev. Stat. § 29-2323(1) (Reissue 1989) provides: "If [the Supreme Court] determines that the sentence imposed is excessively lenient, [it] shall set aside the sentence, and: (a) Remand the case for imposition of a greater sentence; (b) Remand the case for further sentencing proceedings; or (c) Impose a greater sentence."

The sentence as reduced is vacated, and the cause is remanded with directions to resentence the defendant to the

original sentence, with credit for any time served.

SENTENCE VACATED, AND CAUSE
REMANDED FOR RESENTENCING.