STATE OF NEBRASKA, APPELLANT, V. RONALD L. HOFFMAN, APPELLEE.

517 N.W.2d 618

Filed July 1, 1994. No. S-93-744.

James S. Jansen, Douglas County Attorney, and Robert Francis Cryne for appellant.

Daniel W. Ryberg for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

BOSLAUGH, J.

The defendant, Ronald L. Hoffman, was found guilty by a jury of first degree sexual assault on a child. The trial court sentenced the defendant to 5 years of intensively supervised probation, with 100 days of electronic monitoring, and the last 90 days to be served in the Douglas County Correction Center unless waived by the court.

The State has appealed to this court, contending the sentence is excessively lenient.

The victim in this case was born November 12, 1979. He was 13 years old at the time of trial. The defendant was born August 13, 1963, and was 29 years old at the time of trial.

The defendant had befriended the victim's family approximately 6 to 8 years prior to the charged offense. The

defendant began to pay special attention to the victim sometime between the victim's 9th and 10th birthdays. The defendant provided the boy with treats and took him on outings on a weekly basis over the following years.

The victim would spend the night at the defendant's home and sleep in his bed with him over the same period of time. The victim testified that this occurred every weekend or almost every weekend.

The victim testified that when he slept in the defendant's bed, the defendant would fondle the victim's private parts. When the victim resisted these advances, the defendant would strike him. The victim testified that the defendant would tell him that the touching was a secret and not to tell anyone. The victim testified that the years of fondling culminated in an act of oral intercourse performed on the boy by the defendant in October 1992.

The victim reported the incident of oral intercourse to his mother after he had been sent home from school for threatening his classmates. The mother suspected, based on the victim's behavior at home and school, that the victim might have been abused.

The victim comes from a dysfunctional family. He has had a history of behavior problems in school; however, the problems worsened during the last 2 years of the victim's relationship with the defendant.

After the victim reported the abuse by the defendant, the victim was hospitalized for a month. He was diagnosed as suffering from posttraumatic stress disorder, major depression, identity disorder, and oppositional defiant disorder.

In addition to our consideration of the State's assignment of error regarding the leniency of the trial court's sentence, we will first consider the defendant's claim that Neb. Rev. Stat. § 29-2322 (Cum. Supp. 1992) is unconstitutional because it requires an appellate court to consider factors different from those the trial court considers in determining the leniency of a sentence and because the standard of review for the State's appeal of a lenient sentence is different from the standard of review for a defendant's appeal of an excessive sentence. The defendant's argument is without merit.

The defendant's approach to this case assumes that § 29-2322 and Neb. Rev. Stat. § 29-2260(2)(a) (Reissue 1989) are mutually exclusive. We have said that a sentencing court has a broad discretion in the source and type of evidence that the court may use in determining the kind and extent of punishment to be imposed within the limits fixed by statute. *State v. Minor*, 188 Neb. 23, 195 N.W.2d 155 (1972). The fact is that the court should consider all of the circumstances of the case in determining a proper sentence.

In *State v. Foral*, 236 Neb. 597, 599, 462 N.W.2d 626, 628 (1990), this court stated:

When the State appeals from a sentence, contending that it is excessively lenient, this court reviews the record for an abuse of discretion, and a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court. *State v. Dobbins*, 221 Neb. 778, 380 N.W.2d 640 (1986). In reviewing such a case for an abuse of discretion, "our review is governed by § 29-2322, which sets out the factors we are to consider in determining whether the sentence imposed is 'excessively lenient.' Additionally, we note that § 29-2260(2)(a), (b), and (c) sets out factors to be considered by a sentencing judge in determining if a defendant should be imprisoned, while § 29-2260(3)(a) through (k) sets out factors to be considered in the decision to withhold imprisonment. The sentencing judge's discretion is guided by all these factors. Our review of the alleged abuse of the sentencing judge's discretion, therefore, must recognize these statutory guidelines set out for the direction of the sentencing judge in imposing or withholding imprisonment." *State v. Jallen*, [218 Neb. 882,] 884, 359 N.W.2d [816,] 818 [(1984)].

A sentence of imprisonment that is within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Ellen*, 243 Neb. 522, 500 N.W.2d 818 (1993).

As reflected in the above-cited cases, there is not a different standard of review for sentences when the State appeals a sentence as excessively lenient or when a defendant appeals a

sentence as excessive. An appellate court reviews for an abuse of discretion in either case. Furthermore, while an appellate court's review for an abuse of discretion in a sentence claimed to be excessively lenient is governed by § 29-2322, the appellate court must also recognize the statutory guidelines in § 29-2260 considered by the sentencing judge in his or her determining whether a defendant should be imprisoned or not.

In this case, the defendant was convicted of first degree sexual assault on a child, which is a Class II felony. See Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1989). A Class II felony is punishable by a maximum of 50 years' imprisonment and a minimum of 1 year's imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1989).

Section 29-2260 provides in pertinent part:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

Regarding the factors under subsection (2), there is a risk that during a period of probation the defendant would engage in additional criminal conduct. An evaluation of the defendant indicates that the defendant has "somewhat less than average compliance to social expectations." Furthermore, a sentence of probation depreciates the seriousness of the defendant's crime and promotes disrespect for the law.

As to the factors under subsection (3), there are none that apply to the defendant.

Section 29-2322 requires an appellate court, when determining whether a sentence is excessively lenient, to have regard for the following:

(1) The nature and circumstances of the offense;

(2) The history and characteristics of the defendant;

(3) The need for the sentence imposed:

(a) To afford adequate deterrence to criminal conduct;

(b) To protect the public from further crimes of the defendant;

(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense; and

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

(4) Any other matters appearing in the record which the appellate court deems pertinent.

After reviewing the standards set out in § 29-2322 and the factors set forth in § 29-2260, we find that the sentence to probation in this case was excessively lenient and that the trial court abused its discretion in granting probation.

The offense for which the defendant was convicted followed a lengthy history of other sexual assaults upon the victim involving violence. While the defendant had no prior felony convictions, his criminal record includes traffic violations, a conviction of driving under the influence of alcohol, and two convictions of theft. The defendant has expressed no remorse for his actions.

A sentence to imprisonment is needed in this case to afford adequate deterrence of this type of criminal conduct, to protect the public from further crimes by the defendant, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense committed.

The trial court abused its discretion by sentencing the defendant to probation, and we, therefore, vacate that order and sentence the defendant to the Department of Correctional Services for a term of not less than 6 nor more than 8 years.

SENTENCE MODIFIED.