Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/03/2019 09:06 AM CDT

State of Nebraska, appellant,
v. Jason T. Gibson, appellee.
___ N.W.2d ___

Filed April 12, 2019.    No. S-17-1272.

1. **Sentences: Appeal and Error.** Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.
2. **Sentences: Probation and Parole: Appeal and Error.** When the State appeals from a sentence, contending that it is excessively lenient, an appellate court reviews the record for an abuse of discretion, and a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court.
3. **Sentences: Appeal and Error.** There is not a different standard of review for sentences when the State appeals a sentence as excessively lenient or when a defendant appeals a sentence as excessive; an appellate court reviews for an abuse of discretion in either case.
4. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
5. **Sentences: Appeal and Error.** The trial court's sentencing determination and an appellate court's review of that determination for an abuse of discretion are not formulaic or simply a matter of doctrine.
6. **Sentences.** The sentencing court is not limited in its discretion to any mathematically applied set of factors.
7. \_\_\_\_. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

8. ____. Evidence regarding a defendant's life, character, and previous conduct, as well as prior convictions, is highly relevant to the determination of a proper sentence.

9. **Sentences: Appeal and Error.** It is not the function of an appellate court to conduct a de novo review of the record to determine whether a sentence is appropriate.

10. **Sentences.** A sentence should fit the offender and not merely the crime.

Petition for further review from the Court of Appeals, Pirtle, Riedmann, and Bishop, Judges, on appeal thereto from the District Court for Sarpy County, Stefanie A. Martinez, Judge. Judgment of Court of Appeals reversed, and cause remanded with directions.

Phil Kleine, Deputy Sarpy County Attorney, for appellant.

Donald L. Schense, of Law Office of Donald L. Schense, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

The defendant was convicted of attempted sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01(1)(b) (Reissue 2016). The presentence investigation report (PSI) indicates that the defendant believed the child to be 18 years old. The defendant has no criminal record. The question presented in this appeal is whether the district court abused its discretion in sentencing the defendant to 5 years' probation with 180 days of jail time as a condition of probation. The State asserts that the sentence was excessively lenient and involved inappropriate consideration of an irrelevant factor. The Nebraska Court of Appeals, in a split decision, agreed. We granted further review. We reverse the Court of Appeals' decision and remand the matter with directions to affirm the sentence of the district court.

## BACKGROUND

Jason T. Gibson was initially charged with first degree sexual assault of a child in violation of § 28-319.01(1)(b), a Class IB felony which is punishable by 20 years' to life imprisonment, with a mandatory minimum of 15 years' imprisonment. In exchange for his plea of no contest, the State amended the charge to attempted first degree sexual assault of a child, in violation of § 28-319.01(1)(b) and Neb. Rev. Stat. § 28-201 (Cum. Supp. 2018), a Class II felony. A Class II felony is punishable by 1 to 50 years' imprisonment, but no mandatory minimum is required. There was no agreement between the parties regarding their recommendations to the court as to sentencing.

A violation of § 28-319.01(1)(b) occurs when an actor 25 years of age or older subjects another person who is at least 12 years of age but less than 16 years of age to sexual penetration. As the factual basis for the crime, the State described that another person, DeArch Stubblefield, was prostituting out the victim, E.L., who was 15 years old. Between December 1, 2016, and January 31, 2017, Gibson picked up E.L. and Stubblefield and drove them to his house, where Gibson engaged in the sexual penetration of E.L. Money was given to Stubblefield by Gibson after the sexual intercourse.

According to the PSI, Stubblefield, who was 18 years old, attended the same high school as E.L. He and E.L. were engaged in a sexual relationship for approximately 6 months when Stubblefield began seeking sexual encounters through "Craigslist." Without consulting with E.L., Stubblefield decided to post on Craigslist that he and E.L. were looking for someone to have a "threesome with." Stubblefield eventually told E.L. that he had arranged a sexual encounter for the two of them and asked her to participate. E.L. agreed, not knowing exactly what was going to happen.

This began a series of three sexual encounters with three different men, arranged by Stubblefield. During these encounters,

Stubblefield directed E.L.'s actions and the men sexually penetrated E.L. Stubblefield also participated in the sexual activities to varying degrees.

Gibson was one of the men who responded to Stubblefield's Craigslist posting. Gibson picked up E.L. and Stubblefield and drove them to his house, where the sexual penetration occurred. Gibson described that he believed that both E.L. and Stubblefield were 18 years old. According to Gibson and Stubblefield, the Craigslist posting stated that E.L. and Stubblefield were both 18 years old. Also, according to Gibson, E.L. and Stubblefield told him that E.L. was 18 years old.

All communication leading up to the day of the sexual contact was between Gibson and Stubblefield. Gibson told Stubblefield that he did not wish to engage in a threesome and was only interested in the young woman. Stubblefield was in the room during the sexual penetration of E.L. by Gibson. There were conflicting reports as to Stubblefield's involvement while in the room.

After the sexual contact and before Gibson took E.L. and Stubblefield home, Stubblefield asked Gibson for $40. Stubblefield claimed he needed the money either to fix a tire on his car or to buy gasoline. Gibson gave the money to Stubblefield, who later split the money with E.L.

The PSI showed that Gibson has no criminal record. A search of his electronic devices confiscated as part of the investigation failed to reveal any involvement in activities similar to those for which he was convicted, or any other crime. Gibson admitted to law enforcement that he had previously engaged in at least one other sexual encounter and had chatted with people through other websites, but alleged that these activities were between consenting adults and not for money.

Gibson has served for 16 years as a linguist in the U.S. Air Force with consistently exemplary performance reviews and numerous awards and decorations. Over 30 letters were

submitted to the district court attesting to Gibson's good character and reputation. These letters described Gibson as a person of integrity and character who consistently puts others before himself. He was described as truthful, honest, dedicated, honorable, hardworking, good natured, and mild mannered. Clinical psychological evaluations concluded that Gibson was not classified as a pedophile. He participated in several psychological assessments that concluded Gibson was at a low overall risk to reoffend.

The PSI indicated that Gibson was upfront and honest with law enforcement from the beginning of the investigation. Gibson immediately accepted responsibility for his actions. Further, he expressed to the court that he was extremely remorseful for what E.L. and her family must be going through.

The State argued for a period of incarceration, while defense counsel sought probation with no incarceration. Before pronouncing its sentence, the district court noted the severity of the crimes that had been committed against E.L. The court said that it was a case that "is extremely difficult for the Court, for the victim, for her family, and for the community." The court continued:

> There is no sentence that I'll be able to give to you that will make [E.L.] whole again. I can hope that the system does what it is designed to do, and in my reading of the presentence investigation report, it indicates to me that this . . . Stubblefield has, in large part, the majority of the responsibility, from the materials I've received. And my hope is that he — [E.L.] is given some sort of justice in that sentence, most significantly.

Turning to mitigating factors, the district court noted that Gibson had demonstrated an appreciation for the seriousness of his actions and had accepted responsibility for the crime he committed.

The court pronounced that Gibson would have to serve a term of incarceration at the county jail for 180 days and that

"[t]here will be a term of probation for five years to be served upon completion of that jail time." The subsequent written order of probation included a condition that Gibson serve 180 days in the Sarpy County jail, and an order of commitment followed. We agree with the Court of Appeals' majority opinion that this written sentence imposed probation in lieu of incarceration and imposed 180 days' jail time as a valid condition of probation under the authority conferred by Neb. Rev. Stat. § 29-2260 (Reissue 2016). It was not a sentence to incarceration below the minimum set forth in Neb. Rev. Stat. § 28-105 (Reissue 2016). Neither party challenges that the written order controls and sets forth a statutorily valid sentence. To the extent that the district court appeared to pronounce at the sentencing hearing a period of incarceration, as opposed to jail time as a condition of probation, we agree that the written order controlled over the invalid orally pronounced sentence.[1]

Besides 180 days in jail, the order of probation subjected Gibson to numerous other general and individualized conditions. Gibson was also subject to the Sex Offender Registration Act, Neb. Rev. Stat. §§ 29-4001 to 29-4014 (Reissue 2016).

The State appealed Gibson's sentence under Neb. Rev. Stat. § 29-2321 (Reissue 2016) as excessively lenient. The Court of Appeals, in a split decision, held that the court's sentence was excessively lenient.[2] The Court of Appeals reasoned that although the record demonstrated an unlikelihood that Gibson would reoffend, the district court's decision to impose probation in lieu of incarceration under § 29-2260(2) depreciated the seriousness of the crime. Furthermore, the Court of Appeals found that the district court had based its sentencing

---

[1] Compare *State v. Sims*, 277 Neb. 192, 761 N.W.2d 527 (2009), with *State v. Sorenson*, 247 Neb. 567, 529 N.W.2d 42 (1995).

[2] *State v. Gibson*, 26 Neb. App. 559, 921 N.W.2d 161 (2018) (Bishop, Judge, dissenting).

decision in part on the impermissible and irrelevant factors of Stubblefield's culpability and probable sentence for his involvement in the crime.

We granted Gibson's petition for further review.

## ASSIGNMENTS OF ERROR

In his brief in support of further review, Gibson asserts that the Court of Appeals erred in (1) finding that the district court abused its discretion by imposing an excessively lenient sentence, (2) finding that the district court considered an irrelevant factor when imposing its sentence, and (3) vacating the district court's sentence and remanding the cause to the district court with directions that a different district court judge impose a greater sentence.

## STANDARD OF REVIEW

[1] Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.[3]

## ANALYSIS

[2-4] When the State appeals from a sentence, contending that it is excessively lenient, this court reviews the record for an abuse of discretion, and a grant of probation will not be disturbed unless there has been an abuse of discretion by the sentencing court.[4] There is not a different standard of review for sentences when the State appeals a sentence as excessively lenient or when a defendant appeals a sentence as excessive; an appellate court reviews for an abuse of discretion in either case.[5] Whether an appellate court is reviewing a sentence for

---

[3] *State v. Kennedy*, 299 Neb. 362, 908 N.W.2d 69 (2018).

[4] *State v. Hoffman*, 246 Neb. 265, 517 N.W.2d 618 (1994).

[5] *Id.*

its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion.[6] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[7]

In reviewing whether a sentencing court abused its discretion in imposing a sentence that was excessively lenient, we are guided by the factors set forth by Neb. Rev. Stat. § 29-2322 (Reissue 2016), as well as by the statutory guidelines set out for the direction of the sentencing judge in imposing or withholding imprisonment.[8]

Section 29-2322 provides that in determining whether the sentence imposed is excessively lenient, an appellate court shall have regard for:

    (1) The nature and circumstances of the offense;

    (2) The history and characteristics of the defendant;

    (3) The need for the sentence imposed:

    (a) To afford adequate deterrence to criminal conduct;

    (b) To protect the public from further crimes of the defendant;

    (c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

    (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

    (4) Any other matters appearing in the record which the appellate court deems pertinent.

---

[6] *State v. Moore*, 274 Neb. 790, 743 N.W.2d 375 (2008).

[7] *State v. Spang, ante* p. 285, 923 N.W.2d 59 (2019).

[8] See *State v. Hoffman, supra* note 4 (citing § 29-2260).

Gibson was convicted of a Class II felony punishable by 1 to 50 years' imprisonment,[9] but with no mandatory minimum. Section 29-2260(2) allowed the district court to impose a period of probation in lieu of incarceration upon its assessment of certain criteria set forth therein. Section 29-2260 provides in part:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

---

[9] See § 28-105(1).

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

(4) When an offender who has been convicted of a crime is not sentenced to imprisonment, the court may sentence him or her to probation.

The Court of Appeals held that imprisonment of Gibson is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The Court of Appeals also held that the district court based its sentencing decision on the improper consideration of Stubblefield's greater culpability. We agree with the majority opinion's assessment of the severity of the crime committed against E.L. Nevertheless, in light of the evidence pertaining to the numerous other relevant factors under the district court's consideration at sentencing, we cannot conclude that Gibson's sentence was untenable, unreasonable, or clearly against justice or conscience, reason, and evidence. Further, we find that the district court did not impermissibly factor into its sentencing decision the relative culpability of Stubblefield and Gibson.

[5-8] While certain guidelines are set forth by statute, neither the trial court's sentencing determination nor our review of that determination for an abuse of discretion is formulaic or simply a matter of doctrine.[10] The sentencing court is not limited in its discretion to any mathematically applied set of factors.[11] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[12] Evidence regarding a defendant's life, character, and previous conduct, as well as prior convictions, is highly relevant to the determination of a proper sentence.[13]

[9] It is not the function of an appellate court to conduct a de novo review of the record to determine whether a sentence is appropriate.[14] The standard is not what sentence we would have imposed.[15] If it were, we might reach a different result.

This was a very serious crime. The PSI contains little to indicate that E.L. shared Stubblefield's enthusiasm for experimentation or wished for her body to be marketed and controlled by another. More to the point, a 15-year-old is not of a legal age to consent to such activities. A person of that age who is subjected to sexual penetration by an adult is a victim of sexual assault.

Whether or not Gibson was aware of it, E.L. was being trafficked by Stubblefield, who both arranged the contact with adult men and directed E.L.'s activities with those men. There is no justification for Gibson's ignorance of this abuse. Gibson

---

[10] See *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007).

[11] *State v. Mora*, 298 Neb. 185, 903 N.W.2d 244 (2017).

[12] *State v. Ralios*, 301 Neb. 1027, 921 N.W.2d 362 (2019).

[13] See *id*. See, also, e.g., *State v. Van*, 268 Neb. 814, 688 N.W.2d 600 (2004); *State v. Strohl*, 255 Neb. 918, 587 N.W.2d 675 (1999).

[14] *State v. Harrison*, 255 Neb. 990, 588 N.W.2d 556 (1999).

[15] *State v. Thompson, supra* note 10.

arranged through Craigslist to have sex with a young woman who looked young enough to prompt him to seek assurances of her actual age. Gibson made all the arrangements for this sexual encounter with another stranger who advertised the young woman and alleged to speak for her. This should have alerted Gibson to the potential serious criminal implications of his continued participation.

[10] Still, the seriousness of the crime committed against E.L., which weighs in favor of imprisoning Gibson under statutory guidelines setting forth a minimum period of imprisonment of 1 year, does not, by itself, lead to the conclusion that the district court abused its discretion in sentencing Gibson to 5 years' probation in lieu of incarceration. The crime committed by Gibson was serious, and that fact should not be diminished. However, a sentence should fit the offender and not merely the crime.[16]

In other cases involving Class II felonies of first degree sexual assault and sexual assault of a child, a sentence of 5 years' probation with strict and demanding terms has been held not to be excessively lenient when the defendants were considered to be neither pedophiles nor sexual predators, had generally otherwise been law-abiding citizens, were remorseful, and were at a low risk to reoffend.[17] This is in contrast to State v. Hoffman,[18] in which we found the sentence of 5 years' probation for the defendant convicted of first degree sexual assault of a child was excessively lenient given the defendant's lengthy history of other sexual assaults upon the victim, which included violence; two prior theft convictions; an evaluation that indicated the defendant was at risk of engaging in additional criminal conduct during a period of probation;

---

[16] State v. Harrison, supra note 14.

[17] See, State v. Antoniak, 16 Neb. App. 445, 744 N.W.2d 508 (2008); State v. Thompson, supra note 10.

[18] State v. Hoffman, supra note 4.

and the fact that the defendant had expressed no remorse for his actions.

The PSI demonstrates that before this incident, Gibson led an exemplary life. He served in the U.S. Air Force with numerous awards and decorations. His family and friends attested to his good character. And the court was able to evaluate Gibson's character during its observations of Gibson throughout the judicial process. Gibson has no criminal record, and his psychological assessment shows a low risk to reoffend. Though he was wrong and should have known better, there was no evidence that Gibson actually contemplated at the time of his actions that he was committing a crime or causing anyone harm. Gibson was upfront and cooperative with law enforcement from the beginning of the investigation and was by all accounts shocked when he learned E.L.'s real age. He expressed that he was ashamed and extremely remorseful for what E.L. and her family were going through as a result of his crime.

"While there is a temptation on a visceral level to conclude that anything less than incarceration depreciates the seriousness of crimes [involving sexual assault of a child], it is the function of the sentencing judge, in the first instance, to evaluate the crime and the offender."[19] As stated, evidence regarding a defendant's life, character, and previous conduct, as well as prior convictions, is highly relevant to the determination of a proper sentence.[20] The district court's sentence was within the statutorily prescribed limits, and the district court did not abuse its discretion.

As for the conclusion by the majority opinion of the Court of Appeals that the district court based its decision on irrelevant considerations, we disagree that the district court's

---

[19] *State v. Thompson, supra* note 10, 15 Neb. App. at 787-88, 735 N.W.2d at 835.

[20] See cases cites *supra* note 13.

comments regarding Stubblefield's punishment improperly influenced its sentencing decision. The district court appeared to be merely commenting on the severity of all the crimes against E.L. The court noted that E.L. deserved justice not just for the crime committed by Gibson, but also for crimes committed against her by Stubblefield. While the court indicated its belief that Stubblefield had greater responsibility in the overall scheme of the exploitation of E.L., there is no indication that the court reduced Gibson's punishment for his crime because Stubblefield might justly be punished more severely for his own crimes that played an important role in the abuse.

The sentence imposed by the district court was lenient, but we cannot conclude that the court abused its discretion by issuing a sentence that was excessively lenient. In light of all the relevant sentencing considerations, the sentence was not untenable, unreasonable, or clearly against justice or conscience, reason, and evidence.

## CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals' decision and remand the matter with directions to affirm the sentence of the district court.

Reversed and remanded with directions.