IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. REINHARDT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TODD A. REINHARDT, APPELLANT.

Filed July 9, 2019.    Nos. A-18-949, A-18-952.

Appeals from the District Court for Lancaster County: LORI A. MARET, Judge. Affirmed.

Matthew K. Kosmicki, of Kosmicki Law, for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Todd A. Reinhardt appeals from his plea-based convictions for delivery or possession with intent to deliver a controlled substance - methamphetamine (case No. A-18-952) and violation of a protection order - 1st offense (case No. A-18-949). The district court for Lancaster County accepted Reinhardt's pleas and sentenced him to a term of 4 to 6 years' imprisonment on the drug charge and to a term of 1 to 1 year's imprisonment on the violation of protection order charge. The sentences were ordered to be served consecutively. On appeal, Reinhardt contends that his two trial counsel were ineffective in connection with the sentencing hearing and that the district court imposed excessive sentences. Based on the following, we affirm.

## BACKGROUND

The factual basis in case No. A-18-952 shows that on September 8, 2016, a deputy sheriff conducted a traffic stop on a vehicle with expired registration and no rear license plate. The driver,

- 1 -

Reinhardt, consented to a search of the vehicle to look for the license plate. While searching the vehicle, the deputy found a loaded handgun and two plastic baggies which contained methamphetamine of more than user quantity, approximately 13 grams. As a result of this incident, Reinhardt was charged with possession of a firearm with felony 1D drug violation, a Class IC felony, and carrying a concealed weapon - first offense, a Class I misdemeanor.

The factual basis in case No. A-18-949 shows that on January 9, 2018, Reinhardt's ex-wife called law enforcement to report that Reinhardt had attempted to talk to her despite an active domestic abuse protection order that she had against him. As a result of this incident, Reinhardt was charged with violation of a protection order - prior, a Class IV felony.

A plea hearing was held on July 16, 2018, with respect to both matters. Under the plea agreement, Reinhardt pled no contest to an amended information in case No. A-18-952, whereby the firearm charge was reduced to delivery or possession with intent to deliver a controlled substance - methamphetamine, a Class II felony. The carrying a concealed weapon charge was dismissed. Reinhardt also pled no contest to an amended information in case No. A-18-949, which reduced the violation of a protection order charge to a first offense, a Class I misdemeanor. Reinhardt was arraigned on the amended charges and following the court's advisement of rights and possible penalties, Reinhardt waived his rights, and the court accepted his pleas, finding him guilty of the amended charges. The court ordered a presentence investigation (PSI).

A sentencing hearing was held on September 4, 2018. The district court indicated that it had received, reviewed, and considered the PSI, a letter from Reinhardt's attorney with attached tax returns, Reinhardt's "statement," and an email from Reinhardt's ex-wife. Reinhardt's attorneys filed a motion to continue the sentencing in case No. A-18-952 and made an oral motion to continue in case No. A-18-949 for the reason that Reinhardt wished to have additional time to develop character references. The court overruled the motions; however, Reinhardt's attorney did advise the court that an individual who worked for Reinhardt for 6 years in his "very successful business" would have written a statement.

The court heard argument from Reinhardt's attorneys and the State, as well as allocution from Reinhardt. Before imposing sentences, the court indicated that it was taking into consideration the comments from Reinhardt and his counsel; his statement; the PSI; the generous plea agreement that he received; his past history and "the history that you've had with probation in the past;" his LS/CMI score, which indicated a high risk; and the evaluation on a domestic violence screen, which indicated a high risk. Having considered the nature and circumstances of the crime, the history, character, and condition of Reinhardt, the court found in both cases that imprisonment was necessary for the protection of the public. The court reasoned that there was a substantial risk that Reinhardt would engage in additional criminal conduct during any period of probation and that a lesser sentence would depreciate the seriousness of the crimes and promote disrespect for the law. The district court then sentenced Reinhardt to a term of 4 to 6 years' imprisonment in case No. A-18-952 and to 1 to 1 year's imprisonment in case No. A-18-949, with the sentences to run consecutively to each other and to any other sentence Reinhardt might be currently serving. Reinhardt received 8 days' credit for time served.

Reinhardt, represented by different counsel, appeals.

## ASSIGNMENTS OF ERROR

Reinhardt asserts that (1) both of his trial counsel were ineffective because during the allocution and sentencing phase they failed to adequately discuss with him the contents of the PSI and failed to correct inaccuracies in the PSI that were relied upon by the district court at sentencing and (2) the district court abused its discretion in imposing excessive sentences.

## STANDARD OF REVIEW

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Garcia*, 302 Neb. 406, 923 N.W.2d 725 (2019). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. S*tate v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Cerritos-Valdez*, 295 Neb. 563, 889 N.W.2d 605 (2017). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Gibson*, 302 Neb. 833, 925 N.W.2d 678 (2019).

## ANALYSIS

*Ineffective Assistance of Trial Counsel.*

Reinhardt asserts that he received ineffective assistance of counsel on direct appeal in connection with his sentencing hearing. Reinhardt is represented on direct appeal by different counsel than trial counsel. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record, otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Mrza, supra*. The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit, or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *State v. Sundquist*, 301 Neb. 1006, 921 N.W.2d 131 (2019). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *State v. Chairez*, 302 Neb. 731, 924 N.W.2d 725 (2019).

When an ineffective assistance of counsel claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *State v. Spang*, 302 Neb. 285, 923 N.W.2d 59 (2019).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her trial counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Mrza, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty or no contest. *State v. Barrera-Garrido*, 296 Neb. 647, 895 N.W.2d 661 (2017). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *State v. Mrza, supra*. The two prongs of the ineffective assistance of counsel test under *Strickland v. Washington, supra*, may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Taylor*, 300 Neb. 629, 915 N.W.2d 568 (2018).

Reinhardt argues that his PSI contained inaccurate information that his trial counsel failed to correct, namely that he had been placed on probation twice previously. Reinhardt claims that this inaccurate information was relied upon by the district court in determining the sentences in this case, pointing to the court's reference to Reinhardt's history with probation. Reinhardt asserts that he was never previously placed on probation, but rather that he was once placed on administrative probation for driving under suspension and that later he was sentenced to postrelease supervision. He had not yet begun this supervision when he was sentenced for the current offenses as he was still incarcerated. Finally, Reinhardt argues that the overall LS/CMI score was tainted due to the inaccurate information that he had been unsuccessful in his previous terms of probation.

The record refutes Reinhardt's claim that the PSI contained inaccurate information. First, the PSI shows that he was sentenced to a 6-month period of probation in 1996 for driving under suspension in Hall County. In addition, Reinhardt was sentenced to 90 days of administrative probation for a speeding offense in 2002. Further, the PSI indicates that he completed these two "short terms" of probation in the past. The LS/CMI assessment does not reference the prior probation terms in the summary section where his overall score of 26, which showed he was at a high risk to reoffend, was discussed. In addition, the LS/CMI assessment is based on several different factors beyond criminal history in which Reinhardt scored in the very high or high risk range. Additional testing of Reinhardt included the Domestic Violence Matrix where he also scored in the high risk range.

We conclude that Reinhardt has failed to show that his trial counsel was deficient in not correcting alleged inaccuracies in the PSI as there were none. The record shows that Reinhardt was, in fact, sentenced to two prior probationary terms. And, as we discuss below, the district court

noted several appropriate factors in determining the sentences in this case. Reinhardt's argument that his sentences would have been more lenient without reference to the prior terms of probation fails. Reinhardt does not argue that but for his trial counsel's failure to object to the reference to his prior probation terms, he would have sought to withdraw his plea and proceed to trial. Reinhardt received a substantial benefit as a result of the plea agreement, as noted by the district court. Thus, the record supports a conclusion that Reinhardt is unable to show prejudice as a result of the alleged deficiencies of his trial counsel.

Reinhardt's assignment of error also asserts that both of his trial counsel were ineffective for failing to adequately discuss with him the contents of the PSI. Reinhardt does not specifically argue this portion of his assigned error. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Diamond v. State*, 302 Neb. 892, 926 N.W.2d 71 (2019). As a result, we do not address this argument.

*Excessive Sentence.*

Reinhardt was convicted of delivery or possession with intent to deliver a controlled substance - methamphetamine, a Class II felony. A Class II felony is punishable by a maximum sentence of 50 years' imprisonment and a minimum sentence of 1 year. Neb. Rev. Stat. § 28-105 (Reissue 2016). He was also convicted of violation of a protection order - first offense, a Class I misdemeanor. A Class I misdemeanor is punishable by a maximum sentence of 1 year's imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 2016). Reinhardt was sentenced to consecutive terms of 4 to 6 years and 1 to 1 year, respectively. These sentences are clearly within the statutory limits.

A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. *State v. Artis*, 296 Neb. 172, 893 N.W.2d 421 (2017). An abuse of discretion in imposing a sentence occurs when a sentencing court's reasons or rulings are clearly untenable and unfairly deprive the litigant of a substantial right and just result. *Id*. In considering a sentence to be imposed, the sentencing court is not limited in its discretion to any mathematically applied set of factors; the appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *Id*. Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017).

Reinhardt argues that the district court did not properly take into account the circumstances which he claim led to these charges, namely, his failed marriage, the loss of his successful business, and his consequent drug use when his life "began to spin out of control." Brief for appellant at 15. The PSI shows that Reinhardt's ex-wife filed for divorce in 2015 after she learned of his drug use. She obtained a domestic abuse protection order as a result of his verbal and physical aggressiveness toward her.

The PSI shows that Reinhardt was 44 years old at the time of sentencing. He has a high school education, is divorced, and has two children from his previous marriage. He had been self-employed; however, he sold his business equipment as a result of the divorce. Reinhardt's prior criminal history includes driving during suspension for which he received a fine and 6 months' probation, theft by shoplifting, littering, possess open alcohol container, disturbing the peace (amended from indecent exposure), violate protection order, a speeding charge in 2002 for which he received a fine and 90 days' administrative probation, and various additional traffic offenses. Following the charges in case No. A-18-952, Reinhardt was convicted in March 2017 of two counts of possession of a controlled substance, for which he received 180 days in jail and 12 months' postrelease supervision. Two additional charges of possession of a controlled substance in 2017 were dismissed as part of the plea agreement.

As noted above, Reinhardt scored in the overall high risk to reoffend category on the LS/CMI assessment, based upon his very high or his risk scores on the Leisure/Recreation, Companions, Alcohol/Drug Problem, Pro-criminal Attitude/Orientation, and Antisocial Pattern factors. He also scored in the high risk range on the Domestic Violence Matrix. He has a history of alcohol, marijuana, and methamphetamine use, and he admits to being in need of treatment.

Based upon our review of the record, the district court considered the appropriate factors in sentencing Reinhardt and we find no abuse of discretion in the sentences imposed. We affirm the convictions and sentences.

CONCLUSION

The record on direct appeal is sufficient to affirmatively refute Reinhardt's allegations that his trial counsel were ineffective in failing to correct alleged inaccuracies in the PSI. The sentences imposed were not an abuse of discretion.

AFFIRMED.