IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. TRAMPE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLANT,

V.

DAWSON W. TRAMPE, APPELLEE.

Filed July 23, 2019.    No. A-18-843.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Shawn R. Eatherton, Buffalo County Attorney, and Melanie R. Young for appellant.

Justin R. Herrmann and Elizabeth J. Klingelhoefer, of Jacobsen, Orr, Lindstrom & Holbrook, P.C., L.L.O., for appellee.

MOORE, Chief Judge, and RIEDMANN and BISHOP, Judges.

BISHOP, Judge.

Dawson W. Trampe pled guilty to and was convicted of one count of attempted incest, a Class IIIA felony, in violation of Neb. Rev. Stat. §§ 28-201 and 28-703 (Reissue 2016), and one count of attempted second degree sexual assault, a Class IIIA felony, in violation of Neb. Rev. Stat. §§ 28-201 and 28-320 (Reissue 2016). The Buffalo County District Court sentenced him to concurrent terms of 5 years' probation with 30 days of jail time as a condition of probation. The State appeals, claiming that the sentence was excessively lenient. We affirm.

## BACKGROUND

On January 29, 2018, the State filed an information charging Trampe with four counts: Count I, first degree sexual assault, a Class II felony, pursuant to Neb. Rev. Stat. § 28-319 (Reissue 2016); Count II, incest, a Class IIA felony, pursuant to § 28-703; Count III, attempted first degree

sexual assault, a Class IIA felony, pursuant to §§ 28-201 and 28-319; and Count IV, attempted third degree sexual assault, a Class II misdemeanor, pursuant to §§ 28-201 and 28-320.

Pursuant to a plea agreement, the State filed an amended information on July 13, 2018, charging Trampe with one count of attempted incest, a Class IIIA felony, in violation of §§ 28-201 and 28-703, and one count of attempted second degree sexual assault, a Class IIIA felony, in violation of §§ 28-201 and 28-320. At a hearing that same day, Trampe pled guilty to both counts of the amended information. When asked for a factual basis, the State informed the district court that, "[b]y stipulation of the parties, there was an affidavit in support of arrest warrant that was signed by [a named judge] on December 19th of 2017," and that "[i]n order to protect the privacy of the victim, we would ask the Court to accept that as the factual basis and take judicial notice of the court's file." Trampe's counsel confirmed he was familiar with the facts as set forth in the affidavit and that they would stipulate that the facts contained therein were sufficient for the court to find a factual basis for the counts in the amended information, and they would stipulate that the State would have adduced evidence to that effect had the matter gone to trial. Although the factual basis is not at issue in this appeal, we note that we have reviewed the affidavit and agree that it provided a sufficient factual basis for the counts charged, in that it described various incidences of Trampe's sexual penetration and sexual contact with a person (under 18 years old) who fell within the degrees of consanguinity set forth in the statute for incest, and that the incidences were against that person's will. The district court accepted Trampe's guilty pleas to both counts and found him guilty of the same.

The sentencing hearing was held on September 4, 2018. The district court sentenced Trampe to 5 years' probation on each count, with the sentences to run concurrently. There were various terms and conditions of the probation, one of which was that Trampe serve 30 days in jail, with 1 day of credit for time served. Trampe was also ordered to comply with the Sex Offender Registration Act. An order memorializing the sentences was filed on September 5.

The State appeals Trampe's sentence under Neb. Rev. Stat. § 29-2321 (Reissue 2016) as excessively lenient.

ASSIGNMENTS OF ERROR

The State assigns that the district court imposed an excessively lenient sentence.

STANDARD OF REVIEW

Whether an appellate court is reviewing a sentence for its leniency or its excessiveness, a sentence imposed by a district court that is within the statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of the trial court's discretion. *State v. Gibson*, 302 Neb. 833, 925 N.W.2d 678 (2019).

An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

ANALYSIS

The State claims the district court imposed an excessively lenient sentence under the circumstances of this case, and argued the court should have imposed a sentence of imprisonment rather than probation.

Trampe was sentenced to concurrent terms of 5 years' probation for his attempted incest and attempted second degree sexual assault convictions, both of which were Class IIIA felonies. A Class IIIA felony is punishable by up to 3 years' imprisonment and 18 months' postrelease supervision, a $10,000 fine, or both; there is no minimum term of imprisonment, but there is a minimum of 9 months' postrelease supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Reissue 2016). Trampe's sentences were therefore within the statutory limits.

The Nebraska Supreme Court recently stated:

In reviewing whether a sentencing court abused its discretion in imposing a sentence that was excessively lenient, we are guided by the factors set forth by Neb. Rev. Stat. § 29-2322 (Reissue 2016), as well as by the statutory guidelines set out for the direction of the sentencing judge in imposing or withholding imprisonment.

Section 29-2322 provides that in determining whether the sentence imposed is excessively lenient, an appellate court shall have regard for:

"(1) The nature and circumstances of the offense;

"(2) The history and characteristics of the defendant;

"(3) The need for the sentence imposed:

"(a) To afford adequate deterrence to criminal conduct;

"(b) To protect the public from further crimes of the defendant;

"(c) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and

"(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and

"(4) Any other matters appearing in the record which the appellate court deems pertinent."

*State v. Gibson*, 302 Neb. at 840, 925 N.W.2d at 683-84.

Trampe was 19 years old at the time of the charged crimes (the victim was 16 years old). Trampe was single and had no dependents; he has a high school diploma. He owns cattle, works as a farm hand, and works part-time at a livestock market.

Trampe has no prior criminal history. As for his current offenses, Trampe penetrated and had sexual contact with a person (under 18 years old) who fell within the degrees of consanguinity set forth in the statute for incest, and the incidences were against that person's will. The presentence investigation (PSI) reflects this behavior had been repeated and ongoing for a year or more.

As part of the PSI, the probation officer conducted a level of service/case management inventory. Trampe was assessed at a "very low" risk to reoffend. He did not score high or very high in any of the eight domains. He scored in the "[m]edium" risk range on the Leisure/Recreation domain. He scored in the "[low]" risk range for the following domains: Family/Marital and

- 3 -

Procriminal Attitude/Orientation. And he scored in the "[v]ery low" risk range for the following domains: Criminal History, Education/Employment, Companions, Alcohol/Drug Problem, and Anti-Social Pattern. Trampe also completed the Vermont Assessment for Sex Offender Risk and his score indicated he is a "moderate low" risk to reoffend.

At the sentencing hearing, the district court stated it had received and reviewed the PSI, as well as the many letters of support which were to be made part of the PSI. The victim was allowed to read a prepared statement at the sentencing hearing telling the court how she had been affected by what had happened to her, and she stated that she wanted Trampe to "spend [2] years in prison," "to get the help he needs, [and] to get watched closely."

Trampe's counsel stated there were "a significant number of very positive things in the presentence report," including that Trampe had "no prior criminal history whatsoever," has a strong work ethic, and has a "very strong support system." Counsel asked the district court to consider that Trampe "was in his late teenage years when these events occurred." Counsel contended that Trampe was "really an excellent candidate for probation." And there was "absolutely no doubt" in counsel's mind that Trampe "would be tremendously successful on probation." Counsel further stated that Trampe was already participating in an outpatient sexual offense specific treatment program as recommended by an assessment.

The State asked the district court "to take a step back and consider that this is also about justice for [the victim]" who had been subjected to sexual penetration, sexual contact, and threats for years. The State also argued that Trampe had "not been truthful in the presentence process." "He was not truthful with the sex offender evaluator. He did not disclose all the times that he subjected [the victim] to sexual assaults. He did that in the presentence report but not in the evaluation." The State "would submit to the Court that that evaluation then is not to be relied on," because "[i]t's not accurate, and it cannot give us an accurate picture of what Mr. Trampe's risk to reoffend is truly like." The State argued that the appropriate punishment for Trampe would be consecutive prison sentences followed by postrelease supervision "which then gives him the opportunity to undergo the sex offense specific treatment that is recommended." "That is the only way that [the victim] has justice. It's the only way that we're assured that she's safe from him, that she no longer has contact with him, that he doesn't reoffend, he does his punishment, and then he gets his treatment." The State said that if the court placed Trampe on probation, that it was asking for the maximum amount of jail time allowed through the probation sentence.

The district court stated that "it's almost incomprehensible" what Trampe did to the victim and the family. "On the other hand," the court had to take into consideration Trampe's age and lack of a record, and sentence him based on his individual circumstances. The court noted that the level of service/case management inventory used by probation has been used for "at least a decade" and in the judge's "[10] years of extensive criminal practice," he could "think of maybe two people who have scored lower than [Trampe]." Accordingly, the court found that Trampe was a candidate for probation, and sentenced him to concurrent terms of 5 years' probation for each conviction. However, the court stated that "while probation is appropriate, a sentence without incarceration would depreciate the seriousness of [Trampe's] conduct and promote disrespect for the law," and it therefore ordered him to serve, as a condition of probation, 30 days in jail with credit for 1 day served. The court noted that if it was not for Trampe's "low risk," it would be sending him to jail

for up to 90 days (as a condition of probation). The court said it tried to balance the effect on Trampe and the victim, and thought 30 days was appropriate under the circumstances.

Trampe was convicted of two Class IIIA felonies punishable by up to 3 years' imprisonment, but with no mandatory minimum. Neb. Rev. Stat. § 29-2260(2) (Reissue 2016) allowed the district court to impose a period of probation in lieu of incarceration upon its assessment of certain criteria set forth therein. Section 29-2260 provides in part:

> (2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
>
> (a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;
>
> (b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or
>
> (c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.
>
> (3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:
>
> (a) The crime neither caused nor threatened serious harm;
>
> (b) The offender did not contemplate that his or her crime would cause or threaten serious harm;
>
> (c) The offender acted under strong provocation;
>
> (d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;
>
> (e) The victim of the crime induced or facilitated commission of the crime;
>
> (f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;
>
> (g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;
>
> (h) The crime was the result of circumstances unlikely to recur;
>
> (i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;
>
> (j) The offender is likely to respond affirmatively to probationary treatment; and
>
> (k) Imprisonment of the offender would entail excessive hardship to his or her dependents.
>
> (4) When an offender who has been convicted of a crime is not sentenced to imprisonment, the court may sentence him or her to probation.

See, also, *State v. Gibson*, 302 Neb. 833, 925 N.W.2d 678 (2019).

In its brief on appeal, the State asserts that consideration of the factors in § 29-2260 warrants a term of imprisonment rather than probation. In the alternative, the State contends that

Trampe should have been sentenced to the maximum amount of jail time, 90 days, as a condition of his probation.

While certain guidelines are set forth by statute, neither the trial court's sentencing determination nor our review of that determination for an abuse of discretion is formulaic or simply a matter of doctrine. *State v. Gibson, supra*. The sentencing court is not limited in its discretion to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*. It is not the function of an appellate court to conduct a de novo review of the record to determine whether a sentence is appropriate. *Id*. The standard is not what sentence we would have imposed. *Id*.

"'While there is a temptation on a visceral level to conclude that anything less than incarceration depreciates the seriousness of crimes [involving sexual assault of a child], it is the function of the sentencing judge, in the first instance, to evaluate the crime and the offender.'" *Id*. at 845, 925 N.W.2d at 686 (quoting *State v. Thompson*, 15 Neb. App. 764, 735 N.W.2d 818 (2007)). However, evidence regarding a defendant's life, character, and previous conduct, as well as prior convictions, is highly relevant to the determination of a proper sentence. See *State v. Gibson, supra* (sentence of 5 years' probation with 180 days' jail time as condition of probation not abuse of discretion for defendant convicted of attempted first degree sexual assault of child, Class II felony punishable by 1 to 50 years' imprisonment).

We cannot conclude that the district court abused its discretion by ordering concurrent sentences of 5 years' probation and 30 days of jail time as a condition of probation. In light of all the relevant sentencing considerations, the sentences were not based upon reasons that were untenable or unreasonable, nor was the court's action clearly against justice or conscience, reason, and the evidence. See *id*.

## CONCLUSION

For the reasons stated above, we affirm Trampe's sentences.

AFFIRMED.